## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHASE ALLEN THOMAS,      )
                  )
          **Plaintiff,**    )
                  )
**v.**                    )
                  )    **Case No. 21-1101-EFM-GEB**
                  )
**STATE OF KANSAS,**      )
                  )
          **Defendant.**   )
                  )

## ORDER

This matter is before the Court on Plaintiff's Request for Conventional Filing and Designation of Court (**ECF No. 3**). For the reasons set forth below, Plaintiff's designation of place of trial in Wichita is accepted, and his motion for conventional filing is **DENIED** without prejudice.

Plaintiff Chase Allen Thomas filed this case pro se on April 15, 2021, asserting various constitutional claims against the State of Kansas. His claims appear to relate to his divorce and custody proceedings regarding his children both during and after his deployment to Syria as a member of the U.S. Army. (Compl., ECF No. 1.) He cites the Servicemembers Civil Relief Act and generally claims the Douglas County District Court and various police departments violated his civil rights under 42 U.S.C. § 1983. (*Id.*)

When Plaintiff filed his Complaint, his initial filing was found to be deficient in three ways.  His designation of place of trial required by D. Kan. Rule 40.2 was missing, the personal identifiers in his filing were not properly redacted as required by Fed. R.

Civ. P. 5.2 and this Court's Administrative Procedures,[1] and he did not provide the correct form Civil Cover Sheet pursuant to D. Kan. Rule 3.1. (*See* Notice of Deficiency, dated April 15, 2021.) In addition, upon the filing of this case, Plaintiff provided the clerk's office with a disc labeled "All Exhibits Plus Exhibit Sheet Under Rule 36." The clerk's office returned the disc to Plaintiff with a letter explaining that a Motion for Leave to File Conventionally must first be filed and then granted through a Court Order.

Following this communication, Plaintiff filed a Request for Conventional Filing and Designation of Court on April 24, 2021. (ECF No. 3.) The Court construes this filing as both a motion for leave to file conventionally and a designation of place of trial in Wichita, Kansas. Plaintiff's designation of place of trial is accepted, which cures the D. Kan. Rule 40.2 deficiency previously noted.

As for the pending motion for conventional filing, the Court remains confused regarding Plaintiff's intent. Five days after his request, he filed a 372-page group of Exhibits to his Complaint, which was filed on the electronic docket and is now available to the Court. (ECF No. 4, filed April 29, 2021.) At this time, there is no disc for which the Court to consider conventional filing, and it is unclear to the Court whether Plaintiff filed the voluminous group of Exhibits in lieu of his previously-requested disc of attachments.

---

[1] *See* Admin. Procedure, Section II.I (*infra* note 2). ("In accordance with Fed. R. Civ. P. 5.2 and to address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court: 1.      Social Security numbers: Use only the last four numbers; and 2. Minors' names:  Use the minors' initials; 3. Dates of birth: Use only the year; and 4. Financial account numbers:  Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.")

The Court's Civil Administrative Procedures[2] address both pro se filings (Section III.A) and conventional filing of voluminous and other non-electronic exhibits (Section IV.C).[3] However, all evidence in support of Plaintiff's case is not required at the outset; in fact, what is required by Fed. R. Civ. P. 8 is a "short and plain statement" of his claim. And, only those exhibits which are directly germane to his claims should be filed.[4] To the extent Plaintiff's exhibits to his Complaint are able to be filed on the electronic docket, the Court prefers as much to ensure public access.[5]

Because the Court is unsure of Plaintiff's intentions between the April 24 request for conventional filing and the April 29 filing of exhibits, and to provide Plaintiff an opportunity to review the Court's rules and administrative procedures more thoroughly and determine whether he still intends to file anything conventionally rather than on the electronic docket, the Court will **DENY** Plaintiff's motion for conventional filing **without prejudice**. This means—the issue can be brought forth again, so long as Plaintiff

---

[2] Available at http://ksd.uscourts.gov/index.php/rules/ (Administrative Procedures: Civil, revised Oct. 1, 2018).

[3] *See* Admin. Procedure, Section IV.C (*supra* note 2). These procedures provide, "A party may seek a court order allowing the party to conventionally file exhibits that are not available in electronic form or that are too lengthy to scan. If the court grants a party leave to file exhibits conventionally, then the exhibits must be filed according to the following procedure. . ."

[4] *See* D. Kan. Rule 5.4.5, "Attachments and Exhibits." ("A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are directly germane to the matter before the court.")

[5] *See Shaw v. Jones, et al*, No. 19-1343-KHV (D. Kan. May 5, 2021) ("Federal courts have long recognized a common-law right of access to judicial records.")(citing *United States v. Bacon*, 950 F.3d 1286, 1292–93 (10th Cir. 2020); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); ("This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution." (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

provides the Court with sufficient clarification and reasoning for seeking conventional filing rather than submitting paper or electronic documents for electronic filing.

Additionally, Plaintiff is reminded that despite his status as a pro se litigant, he is expected to adhere to the federal and local court rules regarding civil procedure, filing, etc. Plaintiff should refer to the Pro Se Guide and other resources for self-represented litigants available on the Court website at: http://ksd.uscourts.gov/index.php/self-represented-litigants/. And, Plaintiff's deadline for service of the Summons and Complaint upon Defendant under Fed. R. Civ. P. 4(m) is 90 days from the date of filing his case, which makes the deadline for service expire on **July 14, 2021**. Therefore, Plaintiff is encouraged to review the "service" section of the Pro Se Guide[6] to achieve proper service in this matter such that this case will continue to move forward as expeditiously as possible.

**IT IS THEREFORE ORDERED** that Plaintiff's Request for Conventional Filing is denied without prejudice as set forth above. (**ECF No. 3.**)

**IT IS SO ORDERED**.

Dated this 11th day of May, 2021, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[6] *See* http://ksd.uscourts.gov/index.php/self-represented-litigants/ ("If You Are Suing a City, County, or Agency of the Kansas Government").

4