IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHASE ALLEN THOMAS,

        Plaintiffs,

vs.

Case No. 21-1101-EFM

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES,
    *et al.*,

        Defendants.

MEMORANDUM AND ORDER

Chad Allen Thomas filed this action under 42 U.S.C. § 1983 on April 15, 2021, asserting unspecified "Bill of Rights Violations."[1] Plaintiff attached to his single page Complaint a copy of a December 5, 2019 letter he had sent to Kansas Attorney General Derek Schmidt. In that letter, Plaintiff discussed matters ranging from his military service, his traffic arrests, the custody of his children, and his conflicts with his former wife. He asked the Attorney General for an investigation of these events; expungement of his criminal record; replenishment of his Thrift Savings Plan (which he used to pay

---

[1] Dkt. 1, at 1.

child support obligations); the construction of a community garden, and the imposition of punitive damages on the Kansas Department of Children and the Lawrence, Kansas Police Department for failing to remove his children from his ex-wife's custody.[2]

Plaintiff subsequently obtained service or waivers of service on Defendants Douglas County, the Kansas Department of Children and Families (KDCF), and the Kansas Department of Revenue (KDOR), and these parties entered their appearances.[3] Defendants have also moved to dismiss the various claims against them.

KDCF argues the case should be dismissed both under Federal Rule of Civil Procedure 12(b)(6), because the Complaint fails to allege any specific action it took which deprived Plaintiff of any constitutional rights, beyond the allegation that he has complained that his ex-wife was abusing drugs, and under Rule 12(b)(1), because as a state agency the KDCF is immune under the Eleventh Amendment.[4]

The Board of Commissioners of Douglas County argues that the action should be dismissed under Rule 8, as Plaintiff has failed to provide a coherent statement of his claim, and under Rule 12, because the Douglas County District Court is not an agency

---

[2] Shortly after filing the Complaint, Plaintiff submitted an additional 400 pages of materials, which contain no specific narrative, but generally indicate that Thomas has been involved in a dispute lasting many years with his ex-wife, and that at some point criminal charges for harassment were lodged against him. *See* Dkt. 1-2, 4. These disjointed materials focus on his service in the military and the alleged conduct of his ex-wife, although sometimes he complains about the various rulings by the Douglas County, Kansas District Court.

[3] Respectively, Dkt. Nos. 11, 16, 17.

[4] Dkt. 18.

2

under its control, and because he has failed to show any constitutional deprivation.[5] The KDOR also invokes Rule 8, the Eleventh Amendment, and the failure to allege any specific action by it resulting in a constitutional deprivation.[6]

Here, the last of the Defendants' motions to dismiss was filed on September 14, 2021. Under D. Kan. Rule 6.1(d)(2), responses to motions to dismiss "must be filed and served within 21 days." Plaintiff has filed no response to the motions to dismiss.[7]

Local Rule 7.4(b) provides:

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

This Court has recognized that the text of Rule 7.4(b) authorizes the Court to grant a dispositive motion "without further discussion."[8] Because untimeliness alone will not justify a dismissal under this provision, the Court reviews the underlying motion to determine whether it possesses merit.[9]

---

[5] Dkt. 22.

[6] Dkt. 24.

[7] Plaintiff also filed no response after the Magistrate Judge's October 6, 2021 entry on the docket, coupled with a letter mailed to Plaintiff, reporting her unsuccessful attempts to communicate regarding scheduling of the action.

[8] *Bigler v. U.S. Bank Tr.,* 2017 WL 2362087, at *1 (D. Kan. 2017).

[9] *See Ellison v. English*, 2019 WL 3716448, at *1 (D. Kan. 2019) ("the Tenth Circuit has directed that a district court may not grant a motion to dismiss or a motion for summary judgment based solely

3

The Court finds that dismissal is appropriate for good cause and pursuant to Rule 7.4. KDCF and KDOR are protected by Eleventh Amendment immunity. Both Defendants are arms of the State of Kansas for purposes of the Eleventh Amendment,[10] The statute underling Plaintiff's claims, 42 U.S.C. § 1983, does not abrogate that immunity.[11]

Eleventh Amendment immunity does not extend to counties.[12] However, the Court finds that Defendant Board of County Commissioners of Douglas County is entitled to dismissal under Rule 12(b)(6). When presented with a motion invoking this Rule, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[13] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[14] The plausibility standard reflects the requirement in Rule 8 that pleadings

---

on the plaintiff's failure to respond") (citing *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003)).

[10] *See McCollum v. Kansas*, 2014 WL 3341139, at *6 (D. Kan. July 8, 2014) (KDCF is an arm of the state as "the agency through which the state acts in all matters that relate to children who are found to be in need of care"), *aff'd* 599 Fed. App'x 841 (10th Cir. 2015); *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993); *Lewis v. Kansas Dep't of Revenue*, 380 F. Supp. 2d 1211, 1213-14 (D. Kan. 2005) (KDOR is an arm of the state entitled to Eleventh Amendment immunity), *aff'd*, 181 F. App'x 732 (10th Cir. 2006), *cert. denied*, 594 U.S. 1222 (2007).

[11] *Quern v. Jordan*, 440 U.S. 332, 344-45 (1979).

[12] *See Couser v. Gay*, 959 F.3d 1018, 1023 (10th Cir. 2020) (citing *Northern Ins. Co. of New York v. Chatham Cty.*, 547 U.S. 189, 193 (2006).

[13] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[14] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[15]

Plaintiff's allegations do not present a plausible claim for relief against the Douglas County Board of Commissioners. To the extent the Complaint and its attachments can be deciphered, Plaintiff asserts various grievances about particular rulings by the Douglas County District Court. However, Kansas courts are an independent branch of the state, and not subject to control by other governmental entities.[16] Plaintiff presents no plausible reason for inferring that the Board of County Commissioners itself has any control over, or legal responsibility for, the decisions of a state court operating inside its boundaries. Defendant Board of Commissioners is entitled to dismissal of the action under Rule 12(b)(6).

---

[15] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[16] Under KAN. CONST. Art. 3, § 1, "The judicial power of this state shall be vested exclusively in one court of justice, which shall be divided into one supreme court, district courts, and such other courts as are provided by law." *See Lira v. Billings*, 196 Kan. 726, 414 P.2d 13, 16 (1966) ("this court long ago recognized such doctrine to be inherent therein to the effect that the constitution created three branches of government, namely, executive, legislative and judicial, which are to be maintained distinctly separate in the exercise of their respective powers, and that none may lawfully exercise functions belonging to the others").

**IT IS THEREFORE ORDERED** this day of December, 2021, that the Defendants' Motions to Dismiss (Dkt. 18, 21, 23) are hereby granted.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2021.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE